UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. **09-CV-82379-Cohn-Seltzer**

JACQUELINE I. DEUEL,
individually,

    Plaintiff,

v.

SANTANDER CONSUMER USA, INC.
a foreign corporation,

    Defendant.

_____/

FILED by VT D.C.
ELECTRONIC

Dec. 4, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
### JURY DEMAND

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). Plaintiff alleges that Defendant has incessantly and unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff even though Plaintiff had disclosed on numerous occasions that she is not the individual from whom Defendant is seeking to collect an alleged debt and Defendant had full knowledge of Plaintiff's true identity.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3.  Plaintiff, JACQUELINE DEUEL, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

4.  Defendant, SANTANDER CONSUMER USA, INC. ("SANTANDER") is a foreign corporation, engaged in the practice of debt collection, with its principal place of business at 8585 North Stemmons Freeway, Suite 1100N, Dallas, Texas 75247.

5.  Defendant regularly uses the mail and telephone in a business for the purpose of the collection of consumer debts.

6.  While Defendant may possibly be an original creditor, it has used a false name with respect to the collection of a debt allegedly owed by Plaintiff and has therefore subjected itself to the FDCPA. *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987).

7.  At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

8. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

9. The instant lawsuit stems from the telephonic collection efforts of SANTANDER from approximately August 2009 to October 2009.

10. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

11. Defendant sought to collect an alleged consumer debt from "Amy Sagaert" and called Plaintiff's cellular telephone dozens of times in an effort to collect said debt.

12. That Defendant did not use its true business of "Santander Consumer USA, Inc." when calling Plaintiff but instead simply referred to itself as "Billing and Collections."

13. Plaintiff disclosed to Defendant on or about August 2009 that she was not "Amy Sagaert" and that the cellular telephone number which was being called by SANTANDER belonged to Plaintiff and not "Amy Sagaert."

14. Plaintiff maintains that, on numerous occasions, SANTANDER, in connection with the collection of any debt, communicated with Plaintiff, a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15. Plaintiff affirms that on one such occasion SANTANDER acknowledged that it was aware that the calls were being placed to someone other than "Amy Sagaert", the alleged debtor, but requested that Plaintiff pay the debt anyway.

16. Plaintiff maintains that in spite of her numerous attempts to stop Defendant's constant barrage of telephone calls, Defendant persisted on calling Plaintiff's cellular telephone on dozens of occasions, including but not limited to the following dates: (1) August 22, 2009 – three calls; (2) August 26, 2009; (3) August 29, 2009 – two calls; (4) August 30, 2009; (5) September 5, 2009; (6) September 6, 2009 – two calls; (7) September 7, 2009; (8) September 8, 2009; (9) September 9, 2009; (10) September 10, 2009; (11) September 11, 2009; (12) September 14, 2009; (13) September 15, 2009; (14) September 16, 2009; (15) September 17, 2009 – two calls; (16) September 19, 2009; (17) September 22,

2009; (18) September 27, 2009; (19) September 28, 2009; (20) October 2, 2009; (21) October 7, 2009; and (22) October 9, 2009.

17.  Plaintiff maintains that SANTANDER's attempt to collect the alleged debt, including but not limited to the large volume of telephone calls, was unlawful as Plaintiff had already explained that she was not the alleged debtor.

18.  That Defendant made telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and made without the prior express consent of Plaintiff.

19.  That none of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

20.  That Defendant either willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLLECTION PRACTICES ACT

21.  Plaintiff incorporates Paragraphs 1 through 20.

22.  Defendant violated the Fair Debt Collection Practices Act by impermissibly communicating the alleged debt with someone other than the consumer in violation of 15 U.S.C. § 1692c(b), engaging in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C § 1692d, repeated or continuous calling in violation of 15 U.S.C. § 1692d(5), using a false name in violation of 15 U.S.C. § 1692e(10); using a name other than its true business name in violation of 15 U.S.C. § 1692e(14); by engaging in an unfair or

5

unconscionable practices in violation of 15 U.S.C § 1692f by Defendant's actions taken against Plaintiff, including but not limited to SANTANDER's repeated calls to Plaintiff regarding a debt that Plaintiff was not in any way obligated to pay.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of the instant suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates Paragraphs 1 through 20.

24. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's residential telephone, which were initiated by an automatic telephone dialing system and not legally permitted under any provision to the aforementioned statute.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory damages for each violation of the TCPA;

 b. Statutory damages for each knowing or willful violation of the TCPA;

 c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

 d. Attorney's fees, litigation expenses and costs of the instant suit; and

 e. Such other or further relief as the Court deems proper.

## COUNT III
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

25. Plaintiff incorporates Paragraphs 1 through 20.

26. Pursuant to 28 U.S.C §§ 2201, 2202, and Florida law, Plaintiff seeks a declaration that Defendants practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when SANTANDER knew that it had no right to seek such debt from Plaintiff;

27. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

28. Plaintiff seeks a permanent injunction prohibiting Defendant and any other party from collecting the alleged debt from Plaintiff.

WHEREFORE, PLAINTIFF requests that the Court enter judgment:

a. Declaring that Plaintiff does not owe any monies with respect to the alleged debt sought by Defendant;

b. Declaring that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(9);

c. Permanently enjoining Defendant and any other parties from collecting upon the alleged debt from Plaintiff;

d. Attorney's fees, litigation expenses and costs of suit; and

e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 2ND day of December, 2009.

SCOTT D. OWENS, ESQ.
Attorney for Plaintiff
Cohen & Owens, P.A.
3801 Hollywood Blvd., Suite 200

Hollywood, Florida 33021
Telephone: 954-923-3801
Facsimile: 954-967-2791
scott@cohenowens.com

By: _____
Scott D. Owens, Esq.
Florida Bar No. 0597651

9

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
JACQUELINE I. DEUEL, individually

(b) County of Residence of First Listed Plaintiff: **Palm Beach County**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Scott D. Owens, Esq./COHEN & OWENS, P.A.
3801 Hollywood Boulevard, Suite 200, Hollywood, FL 33021
Phone: 954-923-3801

## DEFENDANTS
SANTANDER CONSUMER USA, INC.

County of Residence of First Listed Defendant: **Dallas County**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☑ 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

9:09CV 82379-Cohn-Seltzer

## IV. NATURE OF SUIT
☑ 890 Other Statutory Actions

## V. ORIGIN
☑ 1 Original Proceeding

## VI. RELATED/RE-FILED CASE(S).
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
FDCPA Violation

LENGTH OF TRIAL via 1 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

DATE: 12/2/09

FOR OFFICE USE ONLY
AMOUNT  RECEIPT # 548247

10 of 10